IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MEDARDO CANACA-HERNANDEZ<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:09CV131DAK |

This matter is before the court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, filed February 12, 2009. The court ordered the United States to respond to the motion and its response has been filed. On July 31, 2008, Petitioner pled guilty to Count I of the Indictment and was sentenced that same day to 37 months incarceration.

As part of the Plea Agreement, Petitioner accepted the benefit of this district's "Fast Track" program for illegal reentry cases. In return, Petitioner agreed to waive his right to appeal or collaterally attack his sentence except for reasons of ineffective assistance of counsel. In exchange, the government agreed to recommend that Petitioner receive an appropriate reduction under U.S.S.G. § 3E1.1 for accepting responsibility and agreed to recommend an additional two-level reduction in accordance with the district's Fast Track program.

Petitioner's motion for reduction of sentence pursuant to 28 U.S.C. § 2255 claims that the circumstances of his confinement as a result of his status as a deportable alien violate the Equal

Protection Clause.  In addition, Petitioner claims that he was denied his Sixth Amendment right of effective assistance of counsel because his attorney failed to move the court at the time of sentencing for a downward departure based on the inequitable treatment deportable aliens receive from the Bureau of Prisons.

Petitioner's claim that his conditions of confinement violate the Equal Protection clause is barred by the waiver contained in Petitioner's plea agreement.  Petitioner knowingly and voluntarily agreed to waive his right to attack his sentence except for reasons of ineffective assistance of counsel and to not file a motion for a downward departure.  The Tenth Circuit has held such waivers valid and enforceable with regard to collateral attacks.  *United States v. Elliott*, 264 F.3d 1171 (10th Cir. 2001); *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001)("[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made.").  There is an exception to the rule for challenges claiming ineffective assistance of counsel with respect to entering the plea or negotiating the agreement.  *Cockerham*, 237 F.3d at 1183.

To establish a claim for ineffective assistance of counsel, Petitioner must show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial."  *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings).  The burden is on Petitioner to demonstrate that his attorney's performance was unreasonable under prevailing professional norms.  *Kimmelman v. Morrison*, 477 U.S. 365, 384

(1986). To demonstrate prejudice, the second prong of the *Strickland* test, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Although Defendant cites to *United States v. Smith*, 27 F.3d 649, 655 (D.C. Cir. 1994), as authority for his argument that his counsel should have filed a motion for a downward departure, *Smith* does not require such a departure. "The Bureaus of Prisons' policies concerning aliens who are subject to deportation upon release is rationally related to a legitimate concern about safety." *United States v. Acevedo*, 2000 WL 764563, at *2 (D. Kan. 2000).

In this case, defense counsel was required to either take the guaranteed two-level Fast Track reduction or take his chances on moving the court for a reduced sentence based on a tenuous Equal Protection argument. This is a strategic decision that should not be second guessed. *Strickland*, 466 U.S. at 690 ("a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'") Defense counsel's performance was not deficient when he decided to take the guaranteed two-level Fast Track reduction. There is no guarantee that if defense counsel had made a motion on Equal Protection grounds that Petitioner would have received a lighter sentence than he did under the Fast Track program. Accordingly, the court finds no basis for concluding that defense counsel provided ineffective assistance of counsel.

## CONCLUSION

Based on the above reasoning, Petitioner's motion under 28 U.S.C. § 2255 is DENIED and his case is DISMISSED.

DATED this 18th day of March, 2009.

> BY THE COURT:
>
> _____
> DALE A. KIMBALL
> United States District Judge